IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN L. SMITH,**<br>    Plaintiff,<br><br>v.<br><br>**PHILADELPHIA DEPARTMENT OF PRISONS,** *et al.*,<br>    Defendants. | :<br>:<br>:<br>:  **CIVIL ACTION NO. 25-CV-2448**<br>:<br>:<br>:<br>: |

### ORDER

**AND NOW**, this 10th day of July 2025, upon consideration of Plaintiff Kevin L. Smith's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 2), and his *pro se* Complaint (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Kevin L. Smith, # 1152914, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Philadelphia Detention Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Smith's inmate account; or (b) the average monthly balance in Smith's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Smith's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Smith's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Philadelphia Detention Center.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons stated in the Court's accompanying Memorandum as follows:

   a. All official capacity claims, claims against the Philadelphia Department of Prisons, claims brought under the Pennsylvania Constitution and the Universal Declaration of Human Rights, claims based on medical treatment under the Americans with Disabilities Act ("ADA"), claims based on grievances, and condition of confinement claims regarding education services, work transition programs, a prison job, access to the commissary, and telephone privileges are **DISMISSED WITH PREJUDICE.**

   b. The remaining claims are **DISMISSED WITHOUT PREJUDICE** with the exception of the ADA and Rehabilitation Act ("RA") claims against the City of Philadelphia.

6. The Clerk of Court is **DIRECTED** to terminate the Philadelphia Department of Prisons as a Defendant.

7. The Clerk of Court is **DIRECTED** to correct the spelling of Defendant Pierre Lecomb or Lacomb to "Pierre Lacombe."

8. Smith may file an amended complaint within thirty (30) days of the date of this Order in the event he seeks to amend his claims dismissed without prejudice, except for any § 1983 claims related to inadequate medical care, which must be brought in a separate lawsuit,[1] or

---

[1] The Court expresses no opinion on the merits of any such lawsuit.

any claims brought on behalf of others. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Smith's claims against each defendant. Any amended complaint shall be a complete document that does not rely on the initial Complaint, or other papers filed in this case to state a claim. When drafting his amended complaint, Smith should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. **<u>If Smith files an amended complaint and intends to proceed on claims that the Court has not dismissed, namely the ADA and RA claims against Defendant City of Philadelphia, he must replead these claims, including all facts related to these claims.</u>** Failure to do so will result in the claim being dropped from the lawsuit. Smith is reminded he may **NOT** reassert any claim that has already been dismissed with prejudice.

9. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. The Clerk of Court is **DIRECTED** to send Smith a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Smith may use this form to file his amended complaint if he chooses to do so.

11. If Smith fails to file any response to this Order, the Court will conclude that Smith intends to proceed **only** on the ADA and RA claims against Defendant City of Philadelphia. For faster processing, Smith may file a "Notice of Intent to Proceed" including civil action number 25-2448 indicating that he intends to proceed only on these claims.

**BY THE COURT:**

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, J.**

3