**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN L. SMITH,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | **No. 25-cv-2448** |
| **CITY OF PHILADELPHIA,** *Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.** **NOVEMBER 10, 2026**

Before the Court is Defendant the City of Philadelphia's Motion for Summary Judgment (the "Defendant's Motion") (ECF No. 22). *Pro se* Plaintiff Kevin L. Smith has not filed a response to Defendant's Motion, despite having ample time to do so. For the reasons set forth below, the Court will **GRANT** Defendant's Motion (ECF No. 22) in full and **DISMISS** Plaintiff's Complaint **WITH PREJUDICE**.

## I. BACKGROUND

On May 12, 2025, Plaintiff filed a *pro se* Complaint in the Eastern District of Pennsylvania, alleging violations of the Eighth Amendment, the First Amendment, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), various Articles of the Pennsylvania Constitution, and the Universal Declaration of Human Rights. *See* ECF No. 3 at 3; *see also* ECF No. 5 at 7. Plaintiff's claims arise out of his purported "lack of access to facilities and programs while incarcerated," such as "educational services, religious services, work transition programs, exercise facilities, the prison yard, recreation, laundry services, commissary access, bathing facilities, law library resources, and social workers' offices." ECF No. 22 ¶ 4. Upon screening Plaintiff's Complaint, on July 10, 2025, the Court dismissed almost all of his claims except for two claims that he asserted against Defendant the City of Philadelphia under the ADA and RA,

which the Court advanced to discovery. *See* ECF No. 5 at 26–29; *see also* ECF No. 6 at 1–3; ECF No. 10 at 1 n.1.

On November 10, 2025, Defendant filed an Answer to Plaintiff's Complaint. *See* ECF No. 15. On November 25, 2025, the Court referred this case to the Court's Prisoner Civil Rights Panel for Pro Se Plaintiffs (the "Prisoner Panel"), and also stayed the case to determine whether an attorney would volunteer for appointment. *See* ECF No. 16. However, after several months, and after no attorney volunteered to accept appointment, the Court lifted the stay on March 4, 2026. *See* ECF No. 17. In doing so, the Court initially kept Plaintiff's case on the Prisoner Panel, but indicated that "Plaintiff must represent himself at this time if he seeks to proceed with the case." *Id.* at 1 n.1. That same day, the Court issued a Scheduling Order and set discovery and pretrial deadlines, as well as a date certain for a jury trial. *See* ECF No. 18.

On March 30, 2026, the Prisoner Panel Administrator mailed a notice to Plaintiff, which required Plaintiff to "let the Court know if you want to keep waiting for a volunteer lawyer to agree to represent you, or if instead you want to proceed with your lawsuit without a lawyer." *See* ECF No. 19 at 1. Two weeks later, on April 13, 2026, Plaintiff affirmed his intent to proceed *pro se* and asked the Court to remove his case from the Prisoner Panel, *see* ECF No. 20, which the Court subsequently did. *See* ECF No. 21.

Over the course of the discovery period, Plaintiff did not communicate with Defendant, take any depositions, or request any documents. ECF No. 22 ¶¶ 12–14. The discovery deadlines in the Court's Scheduling Order have now passed. *See id.* ¶ 12; ECF No. 18. On September 8, 2026, Defendant filed the instant Motion for Summary Judgment. *See* ECF No. 22. Plaintiff has not filed a response to Defendant's Motion, despite the Court reminding Plaintiff of his deadline

to respond, *see* ECF No. 23 ¶ 1 n.1, nor has Plaintiff filed anything else on the docket since April 13, 2026. *See* ECF No. 22 ¶ 13.

Defendant's Motion is before the Court.

## II. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure ("Rule") 56, summary judgment may be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Furthermore, "[w]hen the non-moving party bears the burden of proof at trial, the moving party's burden may be discharged by showing an absence of evidence to support the nonmoving party's case." *Schmidt v. Currie*, 217 F. App'x 153, 155 (3d Cir. 2007) (citing *Celotex*, 477 U.S. at 325).

Once the movant meets its burden, the nonmoving party must counter with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations and citation omitted) (emphasis omitted); *see also* Fed. R. Civ. P. 56(c)(1). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which the nonmovant bears the burden of production, *see Anderson*, 477 U.S. at 252, and may not "rely merely upon bare assertions, conclusory allegations or suspicions[,]" *see Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), or upon arguments made in briefs, which "are not evidence." *Jersey Cent. Power & Light*

*Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir. 1985); *see also Burgos v. City of Phila.*, 439 F. Supp. 3d 470, 480 (E.D. Pa. 2020) (explaining that the nonmoving party must counter with "concrete evidence in the record"). "[I]n assessing the genuineness of a potential factual dispute, inferences from the underlying facts should be drawn in favor of the nonmoving party." *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial[,]" and the Court should grant summary judgment in favor of the movant. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587 (internal quotations and citation omitted).

In addition, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

Defendant moves for summary judgment on the basis that Plaintiff failed to adduce any affirmative evidence during discovery in support of the essential elements of his claims. *See* ECF No. 22 at 7–10. In the alternative, Defendant also moves for relief under Rule 41(b) and argues that dismissal is warranted for failure to prosecute. *Id.* at 10–15. For the following reasons, the Court will grant Defendant's Motion in full and dismiss Plaintiff's Complaint with prejudice.

### A. Summary Judgment Is Granted in Favor of Defendant

It is generally the movant's burden at summary judgment to first identify evidence in the record that "demonstrate[s] the absence of a genuine issue of material fact" before the burden shifts to the nonmovant. *Celotex Corp.*, 477 U.S. at 323. However, the moving party's burden may also "be discharged by 'showing' . . . that there is an *absence* of evidence to support the nonmoving

party's case." *Id.* at 325 (emphasis added). As the Supreme Court explained in *Celotex*, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Under those circumstances, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Here, the Court finds that Defendant has satisfied its burden of demonstrating that there is an absence of evidence to support Plaintiff's case. *See Mall Chevrolet, Inc. v. Gen. Motors, LLC*, 99 F.4th 622, 630 (3d Cir. 2024). Plaintiff did not request any documents, take any depositions, or collect other evidence in support of his claims during the three-month period that the Court allotted for fact discovery. *See* ECF No. 22 ¶¶ 12–14. Defendant has, therefore, met its burden, which shifts the burden to Plaintiff to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.[1]

Plaintiff has plainly failed to satisfy his burden based on the bare evidentiary record before the Court. At the summary judgment stage, it is no longer sufficient for Plaintiff to stand by and rely merely on unsupported factual allegations in his Complaint. Rather, he is required to "go beyond [the] pleadings and provide *some* evidence that would show that there exists a genuine

---

[1] The Court briefly touches upon Warden Robert Rose's Declaration, which Defendant attached to its Motion. *See* ECF No. 22-1; *see also Beenick v. LeFebvre*, 684 F. App'x 200, 206 (3d Cir. 2017) (explaining that declarations "based on personal knowledge" can "correctly" be "treated . . . as summary judgment evidence"). In the Declaration, Warden Robert Rose states that Plaintiff has access to educational programs, religious services, laundry services, bathing facilities, and recreational services, among other services. *See* ECF No. 22-1 ¶ 3(a)–(l). Plaintiff has not adduced any evidence in discovery demonstrating that there is a genuine dispute as to whether these services are available to him.

issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000) (emphasis added); *see also* Fed. R. Civ. P. 56(c)(1). Plaintiff has not conducted any discovery, did not submit any affirmative evidence in the record, and failed to respond to Defendant's Motion entirely, so he cannot sustain his burden of proving the essential elements of his ADA and RA claims.[2] Accordingly, summary judgment is granted in favor of Defendant based on Plaintiff's failure to adduce any evidence in support of his claims and to introduce any facts showing a genuine dispute for trial. *See Carter v. City of Phila.*, 719 F. App'x 134, 137–38 (3d Cir. 2017) (affirming a grant of summary judgment where "there was an absence of evidence to support [the plaintiff's] excessive force and assault and battery claims"); *Schmidt*, 217 F. App'x at 155 ("If the adverse party does not adequately respond, summary judgment shall be entered against the adverse party."); *Hartman v. Greenwich Walk Homeowners' Ass'n, Inc.*, 71 F. App'x 135, 138 (3d Cir. 2003) (affirming a grant of summary judgment where the defendants first "met their initial *Celotex* burden of production by showing that there is an absence of evidence to support the nonmoving

---

[2] The Court also briefly touches upon the elements of Plaintiff's ADA and RA claims. As the Court explained in its July 10, 2025 Memorandum, *see* ECF No. 5 at 27, "when a plaintiff sues under both the RA and the ADA, [courts] often address both claims in the same breath, . . . construing the provisions of both statutes in light of their close similarity of language and purpose." *Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 117 (3d Cir. 2018) (internal quotations and citations omitted) (cleaned up). However, "[c]ausation standards differ between the ADA and RA[.]" *Durham v. Kelley*, 82 F.4th 217, 226 (3d Cir. 2023).

To prove an ADA or RA claim, a plaintiff must show that "he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess v. Pa. Dep't of Corrs.*, 933 F.3d 285, 288–89 (3d Cir. 2019). In addition, a party who seeks to proceed with an RA claim under § 504 must also make a "'show[ing] that the allegedly discriminating entity receives federal funding.'" *McDonald-Witherspoon v. City of Phila.*, 481 F. Supp. 3d 424, 439 (E.D. Pa. 2020) (quoting *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 235 n.10 (3d Cir. 2013)); *see also* 29 U.S.C. § 794(a).

party's case" and where the plaintiff "failed to introduce any material with specific facts showing a need for trial").

**B. Dismissal Is Also Warranted for Failure to Prosecute**

In the alternative, Defendant seeks dismissal of Plaintiff's Complaint pursuant to Rule 41(b). *See* ECF No. 22 at 10. Under Rule 41(b), "[i]f the plaintiff fails to prosecute[,] . . . a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (explaining that Rule 41(b) allows "a [d]istrict [c]ourt to dismiss a plaintiff's case for failure to prosecute"); *Allen v. Am. Fed'n of Gov't Emps.*, 317 F. App'x 180, 181 (3d Cir. 2009) (per curiam) ("A court may dismiss a case with prejudice for want of prosecution under Fed. R. Civ. P. 41(b) in order to achieve the orderly and expeditious disposition of cases"). Before dismissing an action for failure to prosecute, district courts are instructed to weigh the six factors articulated in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984). Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). There is no "'magic formula' or 'mechanical calculation'" when analyzing the *Poulis* factors. *Briscoe*, 538 F.3d at 263 (citation omitted). Moreover, "no single *Poulis* factor is dispositive," and not all factors "need to be satisfied" in order to warrant dismissal. *Id.* (internal quotations and citations omitted).

The Court will address each of the *Poulis* factors in turn. For the reasons discussed below, the Court holds that five factors weigh in favor of dismissal and one factor is neutral; dismissal is, therefore, warranted under Rule 41(b) for failure to prosecute.

***1. The Extent of the Party's Personal Responsibility***

Regarding the first *Poulis* factor, the Court assesses the extent to which Plaintiff is "personally responsible" for failing to pursue his claims or whether that failure is attributable to counsel. *Poulis*, 747 F.2d at 868.

Here, Plaintiff is proceeding on a *pro se* basis. *See* ECF No. 20. Therefore, he, rather than an attorney, is "personally responsible" for not pursuing this case beyond the pleadings and developing evidence to satisfy his burden of proof. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("[T]he responsibility for [plaintiff's] failure to participate in the litigation falls on him, as he proceeded pro se."); *see also Briscoe*, 538 F.3d at 258–59 ("[I]t is logical to hold a pro se plaintiff personally responsible . . . because a pro se plaintiff is solely responsible for the progress of his case"); *Swiderski v. Harman*, 336 F.R.D. 98, 103 (E.D. Pa. 2020) (noting that a *pro se* incarcerated plaintiff "must bear the responsibility of pursuing his claim and at a minimum he must be willing to participate in the discovery process" (internal quotations and citation omitted)). Plaintiff has made no attempt to conduct any discovery and has not communicated with opposing counsel or the Court for several months. *See* ECF No. 22 ¶¶ 12–14. In addition, Plaintiff did not file a response to Defendant's Motion, even after the Court reminded him of his deadline to do so. *See* ECF No. 23 ¶ 1 n.1. Accordingly, the first *Poulis* factor weighs in favor of dismissal because Plaintiff bears sole responsibility for his failure to move this case forward. *See Jimenez v. Rosenbaum-Cunningham, Inc.*, No. 07-cv-1066, 2010 WL 1303449, at *6 (E.D. Pa. Mar. 31, 2010) ("[H]is incarceration does not provide an excuse for failing to fulfill

obligations and for missing deadlines[,] . . . [n]or does his pro se status excuse his failure to participate in the litigation.").

### 2. *Prejudice to the Adversary*

Regarding the second *Poulis* factor, "[e]vidence of prejudice to an adversary" provides "substantial weight" in favor of dismissal. *Briscoe*, 538 F.3d at 259 (internal quotations and citation omitted). Prejudice to an adversary can be demonstrated by "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (internal quotations and citation omitted). But "prejudice is not limited to 'irremediable' or 'irreparable' harm" and can include, for example, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy[,]" *Briscoe*, 538 F.3d at 259 (citations omitted), or "deprivation of information through non-cooperation with discovery." *Adams*, 29 F.3d at 874. Moreover, a "failure to litigate can be seen to prejudice the [d]efendant, who seeks a timely resolution of the case." *Swiderski*, 336 F.R.D. at 104 (internal quotations and citation omitted).

As discussed above, Plaintiff has not conducted even basic discovery in this action, *see* ECF No. 22 ¶¶ 12–14, and Plaintiff's inaction has frustrated Defendant's ability to develop its defenses and trial strategy. Accordingly, Defendant will be prejudiced if the Court were to permit this case to proceed to trial on an undeveloped evidentiary and factual record. *See Dickens*, 700 F. App'x at 118 (holding that "the defendants were prejudiced because [the plaintiff's] failure to participate in discovery frustrated their ability to prepare a defense"); *Wade v. Wooten*, No. 90-cv-2373, 1993 WL 298715, at *3 (E.D. Pa. July 30, 1993) (finding prejudice to a defendant due to the

plaintiff's "inaction" and failure "to cooperate with the ordinary course of discovery"). The second *Poulis* factor thus weighs in favor of dismissal as well.

***3. A History of Dilatoriness***

Regarding the third *Poulis* factor, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. A party's dilatory actions "must be evaluated in light of its behavior over the life of the case." *Id.* at 875; *see also Dickens*, 700 F. App'x at 118 (finding a history of dilatoriness where plaintiff "fail[ed] to serve some of the defendants[,]" did not "respond to the defendants' motions[,]" and "fail[ed] to take any action in the case" for over one year); *Brown v. May*, No. 17-cv-4284, 2018 WL 4698842, at *2 (E.D. Pa. Oct. 1, 2018) (finding that a *pro se* incarcerated plaintiff exhibited dilatoriness where he was not "active in the case for almost a year[,]" "failed to comply with two [c]ourt [o]rders directing him to respond[,]" and failed to file an amended complaint, which signaled he was "no longer pursuing his claim").

Here, Plaintiff has demonstrated dilatoriness. After the Court screened Plaintiff's Complaint, he took almost two months to file a notice indicating that he intended to stand on his Complaint, rather than pursue an amendment. *See* ECF Nos. 5–6, 9. Once his case proceeded to discovery, Plaintiff's communications with both opposing counsel and the Court stalled. *See* ECF No. 22 ¶¶ 10, 12–14. Plaintiff allowed the fact and expert discovery deadlines to blow by without providing any indication that he intended to advance his case. *Id.* ¶¶ 12–14. Moreover, Plaintiff failed to respond to Defendant's Motion and did not file a dispositive motion of his own. Indeed, he has not filed any documents on the docket for almost seven months. Plaintiff has, therefore, exhibited a history of dilatoriness, which has impeded this case from proceeding in an efficient

manner. *See Champine v. Purcell*, No. 13-cv-604, 2014 WL 7344077, at *4 (W.D. Pa. Dec. 23, 2014) (finding that a plaintiff did "not intend to proceed with this case in a timely fashion" where he made no "effort to move [the] case forward" and ignored court orders); *Wade*, 1993 WL 298715, at *3 (holding that the plaintiff exhibited a history of dilatoriness by not pursuing the case beyond the pleading stage, which "weigh[ed] in favor of dismissing his complaint"). Accordingly, the Court finds that the third *Poulis* factor weighs in favor of dismissal, too.

#### *4. Whether the Party's Conduct Was Willful or in Bad Faith*

Regarding the fourth *Poulis* factor, the Court assesses whether the party or counsel engaged in "the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith," *Adams*, 29 F.3d at 875 (internal quotations and citations omitted), such as "intentional or self-serving behavior." *Briscoe*, 538 F.3d at 262 (internal quotations and citation omitted); *see also Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) ("Absence of reasonable excuses may suggest that the conduct was willful or in bad faith.").

The Court finds that Plaintiff's failure to conduct any discovery, to respond to Defendant's Motion, and to litigate his case in a timely manner is willful. Indeed, courts often find that a *pro se* plaintiff's "failure to participate" in discovery and the litigation reflects willful behavior because "[o]nly [the *pro se* plaintiff] can take steps to prosecute the case." *See, e.g.*, *Dickens*, 700 F. App'x at 118 (internal quotations omitted); *Dewald v. Jenkins*, No. 16-cv-4597, 2019 WL 1470856, at *3 (E.D. Pa. Apr. 2, 2019) (holding that the plaintiff's "unresponsiveness for approximately five months suggests he no longer has any intention to respond or otherwise communicate with the Court"); *Champine*, 2014 WL 7344077, at *4 (finding that a plaintiff's failure to respond was willful because there was "no indication that he failed to receive the order for a Show Cause Hearing" and it was his responsibility to respond); *Wade*, 1993 WL 298715, at *4 (finding that a

plaintiff's "failure to pursue his claim beyond the mere pleadings despite being given ample opportunity to comply with this [c]ourt's [o]rders and to respond to defendants' motions" constituted "willful" conduct). The same is true here where Plaintiff has sole responsibility for prosecuting his case, but has been unresponsive for almost seven months. *See* ECF No. 22 ¶¶ 12–14. Accordingly, the fourth *Poulis* factor weighs in favor of dismissal as well.

***5. Effectiveness of Alternative Sanctions***

Regarding the fifth *Poulis* factor, before a district court dismisses a case, it "must consider the availability of sanctions alternative to dismissal" and whether those would prove effective. *See Briscoe*, 538 F.3d at 262. Possible alternative sanctions can include, for example, "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees . . . [or] the preclusion of claims or defenses[.]" *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n.6 (3d Cir. 1982); *see also Roman*, 121 F. App'x at 960 n.4 (noting that the district court correctly rejected potential alternative sanctions, such as awarding attorneys' fees or "precluding [the plaintiff] from presenting certain evidence[,]" among others). "Alternative sanctions are effective when they are likely to 'spur [a plaintiff] to resume actively litigating th[e] case.'" *Glenn v. Sims*, No. 18-cv-13877, 2024 WL 3104317, at *4 (D.N.J. June 24, 2024) (citation omitted); *see also Johnson v. O'Conor*, No. 17-cv-2236, 2023 WL 2929436, at *4 (D.N.J. Apr. 13, 2023) (explaining that where a "plaintiff appears unwilling to proceed with the litigation, alternative sanctions are ineffective").

Here, the alternative sanctions that the Court could impose are unlikely to prove effective. To start, Plaintiff is proceeding *pro se* and *in forma pauperis*, so "monetary sanctions [are] not a viable form of alternative sanction." *Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (per curiam); *see also Dickens*, 700 F. App'x at 118 (explaining that "the [d]istrict [c]ourt properly

found that it could not consider monetary sanctions as an alternative to dismissal, because [the plaintiff] was proceeding in forma pauperis"). Furthermore, Plaintiff failed to file a response to Defendant's Motion, even though the Court reminded him of his deadline to do so, *see* ECF No. 23 ¶ 1 n.1, and has not filed anything else on the docket for almost seven months. *See* ECF No. 22 ¶ 13. Plaintiff, therefore, has not given the Court any reason to believe that sending him an additional warning would spur him to action. In addition, precluding Plaintiff from raising certain claims or defenses would not prove effective in light of his failure to develop any evidence in support of his claims prior to the close of discovery. And staying the proceedings or extending discovery would simply "reward[] [Plaintiff] for stalling" during discovery. *Cox v. United Parcel Serv., Inc.*, 753 F. App'x 103, 106 (3d Cir. 2018). In effect, Plaintiff has abandoned this action. *See Glenn*, 2024 WL 3104317, at *4 ("[O]ther sanctions are likely futile as the [p]laintiffs have, by their actions, indicated a desire to abandon their case, by not opposing the [d]efendants' motion for summary judgment." (collecting cases)); *Charles v. Keurig Dr Pepper Inc.*, No. 19-cv-8857, 2020 WL 6946886, at *4 (D.N.J. Nov. 25, 2020) (finding that alternative sanctions would be ineffective where a plaintiff "indicated a desire to abandon [his] case by choosing not to participate in discovery, oppose [d]efendant's motion to dismiss, or comply with [c]ourt [o]rders" (internal quotations and citation omitted) (collecting cases)).

Accordingly, the Court finds that the fifth *Poulis* factor weighs in favor of dismissal. Given Plaintiff's "fail[ure] to prosecute his action, outside of dismissal of the action, the Court cannot envision" an alternative "sanction that would be appropriate." *Briscoe,* 538 F.3d at 262 (internal quotations omitted); *see also Johnson*, 2023 WL 2929436, at *4 (holding that "sanctions other than dismissal would not be effective" because the "delays in this case are the result of [p]laintiff's conduct alone, and [p]laintiff appears uninterested in pursuing this case").

### *6. Meritoriousness of the Claims or Defenses*

Regarding the sixth *Poulis* factor, a claim is considered meritorious if "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869–70. "[I]n determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263. "When both sides can make out prima facie cases, this factor can be neutral." *Cox*, 753 F. App'x at 106.

Only two of Plaintiff's claims survived Defendant's Motion to Dismiss, *see* ECF Nos. 5–6, but having passed the pleading stage—and with no discovery having been conducted by Plaintiff to date to support his claims—it is difficult for the Court to fully assess the meritoriousness of Plaintiff's claims. Moreover, as discussed above, Defendant attached a Declaration to its Motion, which indicates that Plaintiff *does* have access to many of the services that he previously alleged were not available to him. *See* ECF No. 22-1 ¶ 3(a)–(l). Nonetheless, on balance, and considering the threadbare evidentiary record, the Court finds that this factor is neutral. *See Dickens*, 700 F. App'x at 118 (affirming dismissal of a case in which the district court found that the sixth factor was neutral where "no discovery had been conducted"); *see also Davis v. Transworld Sys. Inc.*, No. 23-cv-1336, 2023 WL 7129949, at *3 (E.D. Pa. Oct. 30, 2023) (finding that the sixth factor was neutral in light of the "[p]laintiff's total lack of participation in this case").

* * *

In sum, five out of six *Poulis* factors weigh in favor of dismissal, and one factor is neutral; no factors weigh affirmatively in favor of Plaintiff. Therefore, the Court will grant Defendant's Motion (ECF No. 22) and dismiss Plaintiff's Complaint with prejudice for failure to prosecute.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion (ECF No. 22) in full and dismiss Plaintiff's Complaint with prejudice. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**